Filed 8/19/24  P. v. Bodiford CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C099966 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-193225) |
| v. | |
| ANTHONY EUGENE BODIFORD, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Anthony Eugene Bodiford filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

BACKGROUND

On August 24, 2023, the People filed an information charging defendant with assault by means likely to cause great bodily injury (Pen. Code,[1] § 245, subd. (a)(4); count one) with a personal infliction of great bodily injury enhancement (§ 12022.7, subd. (a)) and battery with serious bodily injury (§ 243, subd. (d); count two).  The

_____

[1]  Subsequent undesignated statutory references are to the Penal Code.

1

information further alleged several circumstances in aggravation for purposes of sentencing.

On October 4, 2023, the trial court granted defendant's request to represent himself. A week later, defendant filed a motion to have his public defender reinstated, but changed his mind and requested to continue representing himself.

At trial, the People presented evidence establishing that Stephen S. had been playing horseshoes and drinking beer with his friends, Steve N. and Wayne L. at a park on July 22, 2023. They decided to stop around sunset and were getting ready to leave when defendant arrived wanting to play horseshoes. Defendant was unhappy they did not want to play, and name-calling between Stephen S. and defendant ensued. Steve N. calmed the situation down until Stephen S. started walking to his car. Defendant then yelled something (the record does not reflect what), and Stephen S. told him " 'F. off, weirdo' " and flipped him off. In response, defendant marched up with fists clenched and invited Stephen S. to "take it outside." Stephen S. understood this as a challenge to fight and walked outside the gate to fight.

Stephen S. took a swing at defendant's upper body missing him completely. Defendant then grabbed Stephen S., overpowering him to the ground. Stephen S. turned on the way down, landing face forward and skinning his elbows. Defendant sat on Stephen S.'s back, pinning him to the ground and keeping Stephen S. from protecting his face. Defendant punched him five or six times with a closed fist in the face with "everything he's got." Stephen S. was helpless, felt his jaw break, and was starting to lose consciousness. Steve N. jumped on defendant, grabbing his arm to stop him from punching Stephen S. again. Defendant told Steve N. to get off or he would "fuck [him] up too." After defendant stopped, he warned Stephen S. never to mess with him again. Defendant then shoved Stephen S.'s face in the ground as he got off him.

Stephen S. sat next to his car spitting up blood before driving home. He had a compound fracture in his back and thought his jaw was dislocated. He went to the

hospital the next morning and learned his jaw was fractured. Following surgery, they wired his mouth shut for the next five weeks. Stephen S.'s jaw had not healed by trial, and he was facing further corrective surgery to install screws and plates. Officer Jeremy Pollard with the Lincoln Police Department thought it was unlikely that Stephen S.'s injuries came from falling down and were more likely caused by blunt force trauma such as a punch.

Wayne N. testified on defendant's behalf that Stephen S. took a "superman" swing at defendant, overswung, and fell to the ground in an area with some tree roots. Defendant got on top of him and punched him twice before Steve N. intervened, pushing defendant off. Defendant then threatened Steve N., " 'Don't disrespect me like that, dude, I will knock you out.' "

Teresa P. also testified for defendant that Stephen S. was already angry with defendant when Teresa and defendant arrived at the park. Stephen S. tried to punch defendant and then fell face first onto the ground. She did not see defendant throw any punches because she was distracted by her dog but did see defendant on top of Stephen S. before Steve N. intervened.

Defendant argued in his closing statement that Stephen S. had lied, and the People had not established he was the cause of Stephen S.'s injuries. Further, the incident itself was quick, and he had acted in lawful self-defense.

The jury found defendant guilty on both counts and found the great bodily injury enhancement allegation true. The jury found not true the aggravating factors for purposes of sentencing.

On November 13, 2023, the trial court suspended imposition of sentence, found this was an unusual case, and placed defendant on probation for a term of two years under specified terms and conditions including that he served 240 days in county jail with credit for 196 days and the remaining balance would be served on electronic monitoring. The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 suspended

probation revocation restitution fine (§ 1202.44), two $30 conviction assessment fees (Gov. Code, § 70373), and two $40 court operations assessment fees (§ 1465.8). The issue of victim restitution was reserved by the trial court.

Defendant timely appealed. Appellate briefing in this matter was completed on July 8, 2024.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.

\s\
Krause, J.

We concur:

\s\
Duarte, Acting P. J.

\s\
Mesiwala, J.